UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PLACIDO MORELL GONZALEZ,

      Petitioner,

v.

                                  Case No.:  2:26-cv-920-SPC-DNF

WARDEN, FLROIDA SOFT SIDE
SOUTH DETENTION FACILITY *et
al.*.

      Respondents,

_____/

**<u>OPINION AND ORDER</u>**

Before the Court are Placido Morell Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) and the federal government's response (Doc. 9).  For the below reasons, the Court grants the petition.

Morell Gonzalez is a native and citizen of Cuba who entered the United States on April 18, 2024.  U.S. Customs and Border Patrol paroled him into the country and issued an I-94, evidencing his admission until April 17, 2026. (Doc. 1-1 at 3).  Morell Gonzalez has complied with all terms of parole, he has a pending application for adjustment of status under the Cuban Adjustment Act, and he has no criminal record.  Morell Gonzalez was detained on March 16, 2026, while working as an Uber driver.  The arresting officer told Morell Gonzalez the reason for his detention was a future immigration hearing

scheduled for November 2028.   Morell Gonzalez is currently detained at Alligator Alcatraz.

Morell Gonzalez's wife Aliuska Alcalas Mateo filed the petition as his "next friend."   The petition argues Morell Gonzalez's detention serves no legitimate purpose, is not authorized by the Immigration and Nationality Act, conflicts with his parole status, and interferes with his pending application for adjustment of status.   The Court ordered the respondents to "respond to all allegations, grounds, and arguments asserted in the petition and show cause why it should not be granted."   (Doc. 8).   The government challenges Alcalas Mateo's standing to file the petition on her husband's behalf, but it did not respond to the grounds presented in the petition.

"Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.  The latter part of that provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility."   *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* 1t 163.  The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and she must be truly dedicated to the best

interests of the detainee. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id.* at 164.

In the petition and attached exhibits, Alcalas Mateo states that she is truly dedicated to her husband's interests, and that Morell Gonzalez's detention hinders his ability to advocate for his own rights. The Court finds that Alcalas Mateo has standing to file a habeas petition for Morell Gonzalez as his "next friend" under *Whitmore v. Arkansas*.

With standing established, the Court turns to Morell Gonzalez's uncontested claims. As a parolee, Morell Gonzalez's "physical presence within the United States cannot be said to be unlawful or illegal because it is authorized by the Attorney General, and parole has long been understood to constitute lawful status." *United States v. Balde*, 943 F.3d 73, 84 (2d Cir. 2019) (collecting cases). The government makes no attempt to explain why ICE has authority to detain a person with no criminal record who is lawfully in the country and not currently subject to removal. In short, Morell Gonzalez made a *prima facie* case that his detention lacks any legal justification, and the government fails to demonstrate a lawful basis for detention.

Accordingly, it is hereby

**ORDERED**:

3

Placido Morell Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.     The respondents shall release Morell Gonzalez from custody within 24 hours of this Order and give him telephone access so he can arrange his transportation from the detention facility.

2.     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

4